United States District Court
DISTRICT OF NEW JERSEY

------------------------------------------------------------x

IN THE MATTER OF THE APPLICATION OF:  MISC.
OXUS GOLD PLC FOR ASSISTANCE BEFORE:  INDEX NO. 06-82
A FOREIGN TRIBUNAL                    :

------------------------------------------------------------x

### EX PARTE APPLICATION FOR ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

RECEIVED
AUG 1 1 2006
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

Petitioner Oxus Gold plc ("Oxus"), hereby applies to this Court for an ex parte order, pursuant to 28 U.S.C. § 1782, N.J. Local Civil Rule 27.1, and Rules 26, 30, 34 and 45 of the Federal Rules Civil Procedure, granting Oxus leave to serve Jack A. Barbanel, an individual who resides at 1312 Blue Spring Road, Princeton, New Jersey, 08540, and Strategic Investments Group, Inc. ("SIG"), a New Jersey company, with offices in Princeton, New Jersey, with the subpoenas attached as Exhibit A to the accompanying Proposed Order. As grounds therefor Oxus states as follows:

1. Title 28 U.S.C. § 1782 and N.J. Local Civil Rule 27.1 allows litigants in foreign proceedings to seek and obtain discovery from persons and entities residing or found in the United States for use in those proceedings before a foreign tribunal. To obtain an order for such discovery, an application under § 1782 must show:

    (a) the person or entity from whom discovery is sought resides or is found in the district of the district court to which the application is made;

    (b) the requested discovery is for use in a proceeding before a foreign tribunal; and

(c) the party requesting the discovery is an "interested person" with respect to the foreign proceedings.

2. N.J. Local Civil Rule 27.1 provides that an application for such discovery should be made *ex parte* to the District Court in which the person resides or is found. (Lite, N.J. Federal Practice Rules, Comment 2 to L. Civ. R. 27.1 (Gann); *see also*, *In re Letters Rogatory from The Tokyo District Tokyo*, 539 F.2d 1216, 1219 (9th Cir. 1976) (requests under § 1782 are "customarily reviewed and appropriate action taken with respect thereto *ex parte*").

3. This application meets these requirements. First, the requested discovery is for use in connection with the following foreign proceedings relating to the development of a gold mine located in the Talas region of the Republic of Kyrgyzstan (the "Jerooy Mine"): (a) four statements of claims filed by the Talas Gold Mining Company ("TGMC") (a company in which Oxus owns a 67% interest) in the Inter-district Court of Bishkek in Bishkek, Kyrgyzstan against the Kyrgyz Government seeking injunctive relief concerning certain actions taken by the Kyrgyz Government; (b) an international arbitration proceeding currently pending in the United Kingdom, captioned *Oxus Gold plc v. The Kyrgyz Republic;* and (c) a notice of Compensation Claim purportedly filed by the Kyrgyz Government in Kyrgyz Court against TGMC for $144.8 million for failing to develop the mine.

4. Second, Oxus is an interested party in these foreign proceedings within the meaning of the statute because it is a party in the related arbitration proceedings against the Kyrgyz Government, a likely defendant in the Kyrgyz Government's compensation claim, and a party to the four civil actions currently pending in Kyrgyz Court.

5. Third, the discovery requested under the subpoenas is directly related to, and requested for use in, each of these foreign tribunals in which Oxus is an interested party.

Information relevant to these proceedings, upon information and belief, is held by SIG and Mr. Barbanel and both reside or are found in this district. In further support of this application, Oxus has attached hereto and made a part hereof the Declaration of Audley William Sheppard executed on August 10, 2006 (the "Sheppard Declaration"), and further represents as follows:

Background[1]

6. Oxus is an international mining group, based in the United Kingdom, with mining interests in Central Asia. Oxus has a joint venture agreement with Kyrgyzaltyn, a company owned by the Kyrgyz Government, for the development of the Jerooy Mine, a gold mine in the Kyrgyz Republic. Oxus has invested over $50 million in the plant and equipment for the development of the mine, executed and made deposits on contracts for additional equipment, hired over 500 employees, and made substantial investments to create the construction site infrastructure, offices, and workshops at the mine.

7. With this application, Oxus seeks documents and deposition testimony from Mr. Barbanel and documents from SIG. Mr. Barbanel is the managing director of SIG, a private equity asset management company with offices in New Jersey operating in Eastern Europe and the former Soviet Union. SIG is the management firm of Global G.o.l.d. Holdings Gmbh ("Global G.o.l.d."), an Austrian company which entered into another joint venture with the Kyrgyz Government in 2006 and was purportedly awarded a license to the Jerooy Mine on approximately July 19, 2006. In the foreign proceedings, Oxus contends that the actions of the Kyrgyz Government and Global G.o.l.d. in connection with the formation and award of the Jerooy gold mine license to the joint venture company were unlawful and resulted in Oxus' loss of its investment in the mine and its agreement with the Kyrgyz Government. Some of the

events that have led to these disputes are summarized below and in the accompanying Sheppard Declaration.

8. On September 9, 1998, an Oxus subsidiary (Norox Mining Company Ltd) and Kyrgyzaltyn formed TGMC for the purpose of seeking and developing mining rights in the Jerooy Mine. In March 6, 2000, the Kyrgyz government granted TGMC a license for the mineral rights to the Jerooy gold deposit over a 10-year term. On August 3, 2004 the Kyrgyz License Commission purported to annul that license but, on November 15, 2004, the Kyrgyz Government and Oxus agreed to reinstate it under certain conditions. Oxus fulfilled those conditions and the Kyrgyz State Agency for Geology and Mineral Resources requested that the license be reinstated. Throughout this period, Oxus continued to invest in the Jerooy Mine, relying on the Kyrgyz Government's commitment to reinstate the license and retract its purported annulment.

9. Mr. Barbanel, SIG and others have been actively involved in the events that have led to the Kyrgyz Government's actions with respect to Oxus' contractual and other rights in the Jerooy Mine. In the fall of 2005, Mr. Barbanel contacted the Kyrgyz Government with respect to the Jerooy mining license. In November 2005, purportedly pursuant to a letter from Kyrgyz Prime Minister Felix Kulov, Mr. Barbanel contacted Oxus to offer to purchase Oxus' shares of the Jerooy Mine as part of his efforts to secure purported rights in the mine on behalf of Global G.o.l.d. Oxus declined this offer, and no agreement was reached.

10. During the week of May 22, 2006, Global G.o.l.d. announced that it had signed a joint venture contract for the Jerooy Mine, forming the company Jerooyaltyn. Mr. Barbanel's

---

[1] To the extent necessary to support this Application, the factual background set forth in this section is confirmed in the Sheppard Declaration attached hereto.

signature is on the joint venture agreement signing for Global G.o.l.d. as the "President of SIG, acting pursuant to a power of attorney."

11. On July 19, 2006, Oxus received a notice that another company claimed to have been awarded the Jerooy license. Shortly thereafter, Jerooyaltyn requested TGMC to clear the Jerooy Mine site of all its equipment.

### The Foreign Proceedings

12. On March 28, 2006, TGMC initiated three statements of claims in Kyrgyz Court against actions taken by the Kyrgyz Government with respect to the Jerooy license. These claims are currently being appealed to Kyrgyz Supreme Court. (Sheppard Declaration Tab A.)

13. On June 21, 2006, Oxus filed a Notice of Claim and Request for Arbitration under the UK-Kyrgyz Bilateral Investment Treaty. On July 26, 2006, Clifford Chance on behalf of Oxus sent a letter informing the Kyrgyz Government that over 30 days had lapsed since the Kyrgyz Government received the Notice of Arbitration. Oxus may ask at any time for the Secretary-General of the Permanent Court of Arbitration to designate the appointing authority. (Sheppard Declaration Tab B.)

14. On July 6, 2006, TGMC filed a claim in Kyrgyz Court requesting an invalidation of decree number 377 of the Kyrgyz Government "On Establishment of a Joint Venture to Develop the Jerooy Gold Deposit" from May 23, 2006, which purportedly established the Joint Venture company Jerooyaltyn. (Sheppard Declaration Tab C.)

### The Requested Discovery

15. In order to obtain evidence relevant to the transactions at issue in the international arbitration and foreign civil proceedings, Oxus seeks discovery from Mr. Barbanel and SIG concerning the joint venture agreement with Kyrgyzaltyn and the license purportedly awarded to

the joint venture to develop the Jerooy Mine. Specifically, Oxus seeks the production of documents and testimony from both Mr. Barbanel and SIG concerning Oxus and the funding and financing of Jerooyaltyn, Global G.o.l.d., and/or the Jerooy Mine; communications by, between or among SIG, Barbanel, and the Kyrgyz Government relating to Global G.o.l.d. or Oxus; agreements between or among Global G.o.l.d., SIG, Barbanel, and the Kyrgyz Government relating to gold mining operations in the Kyrgyz Republic; and communications and other documents concerning the Jerooy Mine.

16. Mr. Barbanel, upon information and belief, resides and maintains a home in this district, and maintains in this district a business address for SIG. SIG also is found in this district and has a registered agent for service of process, Roy A. Stevens, located at 488 Auton Road Unit 2A, Hillsborough, NJ 08876.

17. No application seeking this discovery or discovery of a similar nature has been made or is pending in any court of this state or the United States.

Title 28 U.S.C. § 1782

18. Title 28 U.S.C. § 1782 provides for discovery in the United States to assist foreign tribunals and litigants before foreign tribunals. It states in pertinent part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

19. These threshold requirements of the statute are met here. First, Oxus is an interested party in the foreign proceedings because it is either a party or a prospective party to those proceedings. *See Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 243-244 (U.S. 2004).

20. Second, the requested discovery is for use in conjunction with proceedings before a foreign tribunal. *See, e.g., In re Imanagement Servs.*, 2006 U.S. Dist. LEXIS 8876 (D. N.J. Feb. 28, 2006) (unpublished) (discovery authorized under §1782 for use in connection with a foreign arbitration proceeding); *In Re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333 (E.D. P.A. 2004) (discovery authorized under §1782 for use in connection with claims being asserted in a foreign court).

21. Third, both SIG and Mr. Barbanel are within the jurisdiction of this Court and subject to its authority with respect to the requested discovery.

22. Moreover, the requested relief is warranted under each of the several factors that the United States Supreme Court has instructed courts to consider in exercising their discretion under § 1782:

> (1) Whether the person from whom discovery is sought is a non-participant to the foreign proceeding thereby making the need for the aid more apparent. Neither Mr. Barbanel nor SIG are parties to the foreign proceedings, although their documents and testimony are directly relevant to those proceedings.
>
> (2) The nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or court abroad to federal court judicial assistance. As set forth above, courts have recognized that foreign proceedings such as those for which this application seeks discovery are within the meaning of the statute.
>
> (3) Whether § 1782 application for discovery is an attempt to circumvent the foreign proceeding or undermine foreign laws. Here, the requested discovery is for the express purpose of applying, not undermining, the rule of law in the foreign proceedings. And, the requested discovery does not circumvent or conflict with any aspect of the foreign proceedings.
>
> (4) Whether granting discovery that is narrowly tailored is consistent with the aims of the statute to promote efficiency and reciprocity. The requested relief is fully consistent with the aims of the statute. Indeed, the requested discovery, as set forth above, falls squarely within the parameters of the discovery assistance the statute was intended to facilitate.

*See Intel Corp.*, 542 U.S. at 43-244.

WHEREFORE, Oxus respectfully prays that this Court enter an Order:

A. granting Oxus' application for discovery from Mr. Barbanel and/or SIG pursuant to 28 U.S.C. § 1782;

B. authorizing Oxus to issue to Mr. Barbanel and SIG, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, a subpoena for deposition testimony and the production of documents in the form attached to the proposed Order as Exhibit A;

C. authorizing Oxus to issue to Mr. Barbanel and SIG, pursuant to Rule 45 of the Federal Rules of Civil Procedure, subpoenas for the production of additional documents as Oxus may deem reasonably appropriate based upon review of documents produced by Mr. Barbanel; and

D. appointing Thomas R. Valen and Geoffrey A. North, both of whom are members of the bar of this Court, to issue, sign, and serve such subpoenas upon Mr. Barbanel and SIG.

A proposed order is attached hereto.

Dated: August 11, 2006

Trenton, New Jersey

Respectfully submitted,

Thomas R. Valen
Geoffrey A. North
Gibbons, Del Deo, Dolan, Griffinger & Vecchione
The Lutine House
224 West State Street
Trenton, NJ 08608-1002

-9-

                                    Jon R. Roellke
                                    Paul R. Frontczak Jr.
                                    Megan Sloane Gordon
                                    Clifford Chance US LLP
                                    2001 K Street, NW
                                    Washington, DC 20006
                                    Counsel for Applicant
                                    Oxus Gold plc

WA 401300.6